48 F.3d 1217
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky Davis MALLORY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney A. SIMMS, Defendant-Appellant.
 Nos. 94-5599, 94-5636.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 16, 1995.
Decided March 8, 1995.
 
 Richard A. Davis, Charlottesville, VA; Edward L. Hogshire, BUCK, HOGSHIRE & TERESKERZ, Charlottesville, VA, for Appellants. Robert P. Crouch, Jr., United States Attorney, Joseph W.H. Mott, Assistant United States Attorney, Roanoke, VA, for Appellee.
 Before HAMILTON and MOTZ, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Ricky Davis Mallory and Rodney A. Simms each pled guilty to conspiracy to possess with intent to distribute and to distribute crack cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1994). Mallory received a 97-month sentence and Simms was sentenced to a term of 108 months imprisonment. Each appeals his sentence, contending that the district court clearly erred in finding him a leader or organizer in the conspiracy. United States Sentencing Commission, Guidelines Manual, Sec. 3B1.1(a) (Nov.1993). We affirm.
 
 
 2
 Mallory and Simms were each characterized by their respective probation officers as leaders or organizers in a loose-knit crack conspiracy involving approximately 5 kilograms of crack and two dozen participants which was carried on in Greene County, Virginia, between the spring of 1988 and October 1993. The government viewed several other defendants as more culpable, and did not argue in either case for a 4-level adjustment. However, after hearing testimony from the case agent, the probation officer, and Mallory himself in Mallory's case, and from the case agent and the probation officer in Simms' case, the district court determined that the enhancement was appropriate in each case for the reasons set out in the presentence report. Its resolution of this factual question is reviewed under the clearly erroneous standard. United States v. Smith, 914 F.2d 565, 569 (4th Cir.1990), cert. denied, 498 U.S. 1101 (1991).
 
 
 3
 A 4-level adjustment may be given to a defendant who is a leader or an organizer of a criminal activity which involved five or more participants or was otherwise extensive. USSG Sec. 3B1.1(a). The evidence before the district court was that Mallory knew a source for crack in Washington, D.C. Although Mallory lacked the money to buy large quantities of crack, he travelled with James Thomas Hawkins to Washington and introduced him to the source. For two years, Mallory bought small amounts of crack and provided Hawkins with a connection to the source. When they argued in 1990, Mallory travelled to Washington with others, including Simms and people recruited by Simms. At home in Greene County, Mallory both sold crack and facilitated others' sales by directing customers to them in return for small amounts of crack which he used himself. In this way, Mallory assisted in the distribution of 1.6 kilograms of crack.
 
 
 4
 Simms travelled to Washington with Mallory to buy crack which was then distributed in Greene County. In Greene County, he sold crack to users and also distributed it to others who sold it on the street. He recruited at least one person, Keith Haynes, into the conspiracy. Simms was responsible for the distribution of 240 grams of crack.
 
 
 5
 Among the factors to be considered in determining whether a defendant had a leadership role are the nature of the defendant's participation and the recruitment of accomplices. USSG Sec. 3B1.1, comment. (n.4). A conspiracy may have a number of participants who qualify as leaders. Although the government regarded James Thomas Hawkins and Warren Rucker as the leaders in the conspiracy and Mallory and Simms as middle-level participants, both Mallory and Simms were instrumental in bringing a significant amount of crack into Greene County and in its distribution. On the facts presented to the district court, we cannot find that the court's determination was clearly erroneous.
 
 
 6
 We therefore affirm the sentences imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.